| | |
|---|---|
| ANDREW S. KINDLE,<br><br>Plaintiff,<br><br>v.<br><br>AAA AUTOMOTIVE CLUB OF SOUTHERN CALIFORNIA,<br><br>Defendant. | Case No. 2:20-cv-06470-RGK-SHK<br><br>**ORDER DISMISSING CASE** |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

For the following reasons, the case is **DISMISSED** without prejudice.

### I. BACKGROUND

On July 21, 2020, Plaintiff Andrew S. Kindle ("Plaintiff"), proceeding pro se and in forma pauperis, filed a complaint ("Complaint" or "Compl.") against Defendant AAA Automobile Club of Southern California ("Defendant"). Electronic Case Filing Number ("ECF No.") 1, Compl. On October 19, 2020, the Court dismissed Plaintiff's Complaint without prejudice and with leave to amend. ECF No. 9, Order Dismissing Complaint With Leave To Amend ("ODLA"). In the ODLA, the Court gave Plaintiff twenty-one days from the date of the ODLA, until November 9, 2020, to file a First Amended Complaint ("FAC"). Id. at 9-11.

///

Over a month after Plaintiff's FAC was due, on December 14, 2020, the Court ordered Plaintiff to show cause as to why the case should not be dismissed for failure to prosecute or follow court orders. ECF No. 10, Order to Show Cause ("OSC"). Plaintiff was directed to either: (a) "advise the Court that he does not desire to pursue this action"; (b) "if [P]laintiff does desire to pursue this action, show good cause in writing, if any exists, why [P]laintiff has not timely filed with the Court his FAC, and why the Court should not recommend that this action be dismissed for failure to prosecute and failure to comply with the Court's prior Order"; or (c) "file a FAC." Id. Plaintiff was also warned that failure to obey the OSC would be deemed as "a further violation of a Court order justifying dismissal" and "evidence of a lack of prosecution on Plaintiff's part." Id.

Plaintiff failed to timely respond to the OSC. Therefore, on March 29, 2021, the Court again ordered Plaintiff to show cause ("Second OSC"), by April 6, 2021, "**for a second and <u>final time</u>**, why his Complaint should not be dismissed for failure to prosecute and for failure to follow Court rules and orders." Id. at 1-2 (emphasis in original). Plaintiff was again "**cautioned that failure to timely comply with this order <u>will</u> result in a recommendation that this action be dismissed, with or without prejudice, for failure to prosecute and failure to obey Court orders under <u>Federal Rule of Civil Procedure 41(b)</u>.**" Id. at 2 (emphasis in original).

To date, Plaintiff has failed to respond to either OSC or to otherwise participate in this litigation.

## II. LEGAL STANDARD

District courts have <u>sua sponte</u> authority to dismiss actions for failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 629-30 (1962); <u>Hells Canyon Pres. Council v. U.S. Forest Serv.</u>, 403 F.3d 683, 689 (9th Cir. 2005) (stating courts may dismiss an action under Federal Rule of Civil Procedure 41(b) <u>sua sponte</u> for a plaintiff's

2

failure to prosecute or comply with the Federal Rules of Civil Procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (ordering dismissal for failure to comply with court orders).

In deciding whether to dismiss for failure to prosecute or comply with court orders, a district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986). "Dismissal is appropriate 'where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal.'" Neal v. Reslan, No. CV 19-09291 PA (ASx), 2020 WL 754366, at *1 (C.D. Cal. Jan. 16, 2020) (quoting Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (internal citations omitted)). In a case involving sua sponte dismissal, however, the fifth Henderson factor regarding the availability of less drastic sanctions warrants special focus. Hernandez, 138 F.3d at 399.

### III. DISCUSSION

Here, the first two factors—public interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. Despite being initially warned over four months ago that this case may be dismissed for failure to respond to the OSC and then warned again over five weeks ago that the case **will** be dismissed for failure to respond to the Court's Second OSC, Plaintiff has failed to respond to either OSC. This failure to prosecute and follow Court orders hinders the Court's ability to move this case toward disposition and suggests Plaintiff does not intend to litigate this action diligently.

The third factor—prejudice to Defendant—also weighs in favor of dismissal. A rebuttable presumption of prejudice to a defendant arises when a plaintiff unreasonably delays prosecuting an action. See In re Eisen, 31 F.3d 1447, 1452-53

3

(9th Cir. 1994) (citations omitted). Nothing suggests such a presumption is unwarranted in this case, considering that Plaintiff has failed to comply with the Court's OSC and Second OSC and he has not offered any excuse for his failure to comply with and respond in a timely manner. Thus, this "prejudice" element thus favors dismissal.

The fourth factor—public policy in favor of deciding cases on the merits—ordinarily weighs against dismissal. However, it is Plaintiff's responsibility to move litigation towards disposition at a reasonable pace and to avoid dilatory and evasive tactics. See Morris v. Morgan Stanley, 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not met this responsibility despite having been: (1) instructed on his responsibilities; (2) granted sufficient time in which to discharge them; and (3) repeatedly warned of the consequences of failure to do so. Under these circumstances, though this policy favors Plaintiff, it does not outweigh Plaintiff's repeated failure to obey Court orders or to file responsive documents within the time granted.

The fifth factor—availability of less drastic sanctions—also weighs in favor of dismissal. The Court cannot move the case toward disposition without Plaintiff's compliance with Court orders or participation in this litigation. Despite the Court's attempts to obtain a response, Plaintiff has shown he is either unwilling or unable to comply with Court orders by failing to file responsive documents and failing to otherwise cooperate in prosecuting this action. The Court is not aware of any lesser sanction that is available in this case. See Henderson, 779 F.2d at 1424 ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives.") (citation omitted); Roman v. Smith, No. 2:18-07909 PA (ADS), 2019 WL 8013120, at *1 (C.D. Cal. Nov. 18, 2019).

Accordingly, the Court finds that dismissal of this action, without prejudice, is appropriate here.

## IV. CONCLUSION

For the reasons discussed previously, **IT IS HEREBY ORDERED** that the case is **DISMISSED** without prejudice.

Dated: May 10, 2021

HONORABLE R. GARY KLAUSNER
United States District Judge

Presented by:

HONORABLE SHASHI H. KEWALRAMANI
United States Magistrate Judge